IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHLEY T. JONES<br>AIS 216506<br><br>Plaintiff,<br><br>v.<br><br>GLADYS DEESE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:05-CV-731<br>)<br>)<br>)<br>)<br>)<br>) |

## SPECIAL REPORT

COME NOW the defendants, Warden Gladys Deese and Deputy Warden Frank Albright, by and through the Attorney General for the State of Alabama, the Honorable Troy King, and in response to this Honorable Court's Order dated August 24, 2005, hereby submit the following Special Report:

### PARTIES

1. Plaintiff Ashley T. Jones is an Alabama Department of Corrections (ADOC) inmate currently housed in the Julia Tutwiler Prison for Women (Tutwiler).

2. Defendant Gladys Deese is currently employed as Warden III at Tutwiler.

3. Defendant Frank Albright is currently employed as a Warden II at Tutwiler.

### ALLEGATIONS

1. Plaintiff alleges that her constitutional rights are being violated and has brought this suit under 42 USC § 1983. In attempting to distill the

plaintiff's claim to its essence, it appears that the plaintiff alleges constitutional deprivations because:

A. She has been denied the right to attend trade school;

B. She was not allowed to keep her position as a tutor at Ingram State Technical College;

C. She was threatened by Warden Deese because she filed a lawsuit.

## DEFENDANTS' RESPONSE

1. Defendants assert plaintiff has failed to state a claim upon which relief can be granted pursuant to 42 USC § 1983 or any other source.

2. Defendants pled the affirmative defenses of qualified and absolute immunity.

3. Defendants assert plaintiff has failed to show there is any genuine issue of material facts in this case.

4. Defendants deny they have violated any constitutional rights of the plaintiff.

5. Defendants deny any and all allegations made by the plaintiff not expressly admitted herein.

## DEFENDANTS' EXHIBITS

Exhibit 1 – Affidavit of Warden Gladys Deese

Exhibit 2 – Affidavit of Deputy Warden Frank Albright

Exhibit 3 – Administrative Regulation 444

Exhibit 4 – Job History Processing Job Change Log by AIS 216506

Exhibit 5 – Institutional Incident Report dated June 23, 2004

Exhibit 6 – Memo date June 23, 2004 from HCU

Exhibit 7 – Anonymous inmate request slip dated August 12, 2005

Exhibit 8 – Inmate request slip from Ashley Jones dated July 12, 2005

Exhibit 9 – Inmate request slip from Ashley Jones dated November 21, 2003

Exhibit 10 – Memo from Warden Deese to GED examiner dated August 14, 2003

Exhibit 11 – Job Entrance/Exit Form dated February 13, 2002

Exhibit 12 – Job Entrance/Exit Form dated January 14, 2002

Exhibit 13 – Untitled records from Jefferson County regarding Ashley Jones

Exhibit 14 – Work Supervisor's/Correctional Officer's Report dated April 11, 2003

Exhibit 15 – Cumulative set of "print screens" reflecting infractions and loss of privileges for AIS 0216506X (Plaintiff's)

## FACTS

The plaintiff is an ADOC inmate housed at Tutwiler who is currently sentenced to Life without Parole (LWOP). A person serving LWOP may enroll in courses and programs in Alabama college system institutions after establishing to ability to benefit. Then, such an inmate must either pay all tuition, fees and special costs or secure funds from other than State sources to fund the education. (Plaintiff's Exhibit A, letter dated March 20, 2003 from James E. Wilson) Inmate Jones knows of the requirements and has been advised she may attend J.F. Ingram Technical College if security needs are met and she can afford to pay the $90.00 per credit hour. (Ex. 1, Pgs. 1-2) Inmate Jones continues to state she wishes to attend junior college, but has failed to submit a written request stating that she is financially able to pay the tuition and has not completed the required

disbursement form. (Ex. 1, Pg. 2) Plaintiff's current prison money on deposit (PMOD) is $56.04. (Ex. 1, Pg. 2)

Jobs within institutions are assigned pursuant to Administrative Regulation 444 (Ex. 3) by the job review board which is appointed by the Warden. Inmate Jones has had a multitude of job assignments, including runner/crane, high school education, canteen, kitchen, tutor, laundry, house keeping, etc. (Ex. 11) On February 13, 2002, plaintiff was assigned to the canteen and found the job too stressful because other inmates were trying to con her into doing something wrong. (Ex. 4) On April 11, 2003, Officer Tommy Cox wrote a Work Supervisor's/Correctional Officer's Report which stated that inmate Jones should not be considered for any type of program due to her negative behavior. (Ex. 14)

Since December 12, 2001, inmate Jones has had fifteen (15) violations of institutional rules. (Ex. 15) Plaintiff was removed from her assigned job as a GED tutor due to security reasons, not her length of time on the job. (Ex. 1, Pg. 1) She was not performing her duties as a tutor according to protocol. (Ex. 2, Pg. 1) She was reassigned to a job that provided more structured supervision. Plaintiff was not carried back to the Job Review Job upon that reassignment on June 14, 2005 (Ex. 2, Pg. 1; Ex. 4) because the Warden is ultimately responsible for all the decisions made by the Job Review Board. Deputy Warden Frank Albright reassigned the plaintiff because he did not want to discuss confidential details presented to the Job Board in an open forum with the inmate present. (Ex. 2, Pg. 1)

Neither Warden Deese nor Deputy Warden Albright threatened, harassed or retaliated against the plaintiff in any way. (Ex. 1, Pg. 1; Ex. 2, Pg. 2)

## ARGUMENT

### I. Plaintiff fails to state cause of action upon which relief can be granted

Plaintiff suggests in paragraph ten (10) of the attachment to her complaint that she has been wrongfully deprived of her prison job as a tutor. In *Adams v. James* 784 F 2d 1077 at 1079 the Eleventh Circuit held, "An assignment to the job of law clerk does not invest an inmate or those he assists with a property interest in his continuation as a law clerk. Despite the aspect of property and the accumulation of experience and intellectual capital by the inmate law clerk, job assignment and reassignment remain the prerogative of prison administrators. A routine reassignment of an inmate law clerk does not enable an inmate to state a claim in Federal Court." See also *Gibson v. McEvers* 631 F 2d 95, 98 (7th Cir. 1980) (citing *Altizer v. Padernick*, 569 F 2d 812, 813 (4th Cir. 1978)); *Bryan v. Werner*, 516 F 2d 233 (3rd Cir. 1975) for the proposition that an inmate does not have an expectation of keeping a certain job.

The undersigned has labored to try to construe what, if any, cause of action the plaintiff may be attempting to state in paragraph fourteen (14) of the attachment to the plaintiff's complaint. With extremely liberal construction, one might construe paragraph fourteen (14) as a retaliation claim for filing a 1983 lawsuit. In *West v. Giles* 2005 Westlaw 1389877, * 11 (MD Ala.), Judge McPherson laid out how to establish a retaliation claim as follows:

> The method of establishing a retaliation claim is essentially the same as that for a claim of race or sex discrimination. *Donnellon v. Fruehauf Corporation*, 794 F.2d 598, 600-601 (11th Cir.1986). An inmate has the initial burden of setting forth a prima face case of unlawful retaliation by a preponderance of the evidence, which, once established, raises a presumption that the prison official retaliated against the inmate. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

5

To establish a prima facie case, an inmate must show that he was engaged in a protected activity, such as the filing of a lawsuit; that he suffered an adverse treatment simultaneously with or subsequent to such activity; and that there was a causal link between the protected activity and the adverse treatment. *Donnellon*, 794 F.2d at 600-01. If an inmate establishes a prima facie case, the burden then shifts to prison officials to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the prison official retaliated against the inmate. This may be done by the prison official articulating a legitimate, non-retaliatory reason for the adverse decision or action, which is clear, reasonably specific and worthy of credence. The prison official has a burden of production, not of persuasion, and thus does not have to persuade a court that he or she actually was motivated by the reason advanced. *Burdine*, 450 U.S. at 255.

In *Vinson v. Cady* 761 F2d 335 at 342 the Third Circuit held "Recognizing that the ultimate fact of retaliation for the exercise of a constitutionally protected right rarely can be supported with direct evidence of intent that can be pleaded in a complaint. *Ccf. Buisc v. Hudkins*, 584 F2d 223 (7th Cir. 1978), courts have found sufficient complaints that allege a chronology from events of which retaliation may be inferred. See, e.g, *McDonald v. Hall*, 610 F 2d 16, 18 (1st Cir 1979)." In plaintiff's complaint in paragraph fourteen (14) she alleges a threat by Warden Deese occurring on July 15, 2005. This lawsuit was not filed until August 4, 2005. Plaintiff has not alleged a chronology that even suggests or is capable of inferring retaliation for filing a lawsuit.

Plaintiff makes various non-constitutional allegations such as the prison has no grievance procedure, the defendants fabricated a rule about being on a state job too long and failure to follow ADOC regulations concerning job placement. None of these allegations are of a constitutional dimension.

**II. Defendants should be granted summary judgment on the grounds of immunity**

Judgment should be granted to the defendants because they are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Eleventh Amendment bars suits against a State by that state's own citizenry. See *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

It has been well established that, even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State, because the defendants are being sued as employees of the ADOC. Thus, the defendants are absolutely immune from the damages claimed by the plaintiff.

In addition, the defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blakenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc).

Because the alleged acts of the defendants consist of discretionary functions and because the actions do not violate any clearly established constitutional or statutory rights, the defendants are protected by qualified immunity. *See Wilson*, 163 F.3d at 1295 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity)

## CONCLUSION

Based on the foregoing, these defendants respectfully request this Court enter summary judgment in their favor.

Respectfully Submitted,
Troy King, Attorney General

/s/ Jeffery H. Long
Jeffery H. Long
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that I have on this the day 3rd of October, 2005, electronically filed the foregoing with the Clerk of the Court using CM/ECF system and served a copy of the same by the United States Mail, postage prepaid, and properly addressed as follows:

Ashley T. Jones
AIS # 216506
8966 US Hwy 231 N
Wetumpka, AL 36092

/s/ Jeffery H. Long
Of Counsel

Address of Counsel:
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 242-7555
(334) 242-2433 - fax